IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARA BLAKES, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>THE REFERRAL CENTER, )<br>)<br>Defendant. ) | Case No. CIV-05-322-F |

## **O R D E R**

The complaint in this case was filed on March 22, 2005. The complaint recites that the defendant is an Oklahoma not for profit corporation. On May 24, 2005, the court set this case for scheduling conference on June 30, 2005. On June 22, 2005, plaintiff, reciting problems with respect to service of process, filed a motion requesting the court to reschedule the status and scheduling conference for the July status and scheduling conference docket. On June 29, 2005, the court set this case for status and scheduling conference on August 2, 2005. On July 28, 2005, at the instance of plaintiff, the clerk made an entry of default as to the defendant. No default judgment has been entered. No appearance was made for the plaintiff at the August 2 status and scheduling conference docket. No status report was filed. No orders have been entered herein excusing plaintiff from appearing as required on August 2 or from submitting a status report.

Under the circumstances, the court has the discretion to dismiss this case without prejudice. However, the court declines to do so at this point. Nevertheless, the court is concerned with the quality of service of process on the defendant, because,

although it appears that the defendant is a corporate entity, the return receipt attached to the return of service does not recite the capacity in which the signator ("Janie Jones") signed on behalf of the defendant. In the absence of any indication that service was made on a corporate officer or a service agent, and in light of the plaintiff's failure to comply with the requirements of the status and scheduling conference docket notice, the court desires to conduct a special status conference, which shall be held on September 13, 2005, at 11:00 a.m. Prior to the special status conference, counsel for plaintiff shall file a status report reciting the facts known to plaintiff or her counsel with respect to the capacity in which "Janie Jones" signed the return receipt attached to the return of service in this case. If, in the meantime, counsel for plaintiff concludes that service of process in this case may be questionable as the basis for entry of a default, plaintiff is certainly at liberty to cause a new summons to be issued.

     DATED August 3, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1421p006 (pub).wpd